Hearing Date: 12/6/2023 9:30 AM
Location: Court Room 2408
Judge: Conlon, Alison C

FILED
8/8/2023 1:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH07245
Calendar, 4
23873586

FILED DATE: 8/8/2023 1:27 PM  2023CH07245

2120 - Served            2121 - Served
2220 - Not Served        2221 - Not Served
2320 - Served By Mail    2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
Summons - Alias Summons                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MAX STUCK

(Name all parties)

v.

DOT FOODS, INC.
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703-4261209

Case No. 2023CH07245

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

**Exhibit A**

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 8/8/2023 1:27 PM  2023CH07245

Atty. No.: 56618

Atty Name: McGuire Law, P.C.

Atty. for: Plaintiffs

Address: 55 W. Wacker Dr., 9th Fl.

City: Chicago

State: IL    Zip: 60601

Telephone: (312) 893-7002

Primary Email: dgerbie@mcgpc.com

Witness: _____

8/8/2023 1:27 PM IRIS Y. MARTINEZ

_____

IRIS Y. MARTINEZ, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Hearing Date: 12/6/2023 9:30 AM
Location: Court Room 2408
Judge: Conlon, Alison C

FILED
8/8/2023 1:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH07245
Calendar, 4
23873586

FILED DATE: 8/8/2023 1:27 PM  2023CH07245

12-Person Jury

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MAX STUCK, individually and on behalf of similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOT FOODS, INC., an Illinois Corporation,<br><br>*Defendant*. | No. 2023CH07245<br><br>Hon.<br><br>JURY DEMAND |

## CLASS ACTION COMPLAINT

Plaintiff Max Stuck ("Plaintiff"), individually and on behalf of other similarly situated individuals, bring this Class Action Complaint against Defendant Dot Foods, Inc. ("Defendant" or "Dot Foods") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and to obtain redress for persons harmed by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. This case concerns the misuse of individuals' genetic information by one of America's largest food industry redistributors, Dot Foods. As a condition of employment, Dot Foods requires employee candidates to undergo a physical exam during which genetic information in the form of their family medical history is requested.

2. Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among

employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and
>
> (4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c)

3. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

2

4. Genetic information, including familial medical history, is a uniquely private and sensitive form of personal information. A person cannot change their genome if it becomes compromised, and the genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5. However, in requiring disclosure of putative employees' family medical histories, including that of Plaintiff, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information without one's consent.

8. In spite of GIPA's prohibition to solicit family medical information, Defendant and other companies in Illinois continue to request that their employees and prospective employees provide protected family medical history in violation of GIPA.

9. Defendant's deprivation of Plaintiffs' statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

10. Plaintiff brings this action for statutory and/or actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

11. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

12. Defendant Dot Foods, Inc. is a corporation organized under the laws of the state of Illinois and headquartered within Illinois. Dot Foods conducts substantial business throughout Illinois, including in Cook County. Dot Foods's headquarters are located at 1 Dot Way, Mt. Sterling, IL 62353.

13. At all relevant times, Plaintiff Max Stuck has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

14. This Court may asset personal jurisdiction over Dot Foods pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Dot Foods is a corporation organized under the laws of this state, is doing business within this state, and because Plaintiff's claims arise out of Dot Foods's unlawful in-state actions, as Dot Foods directly or indirectly solicited, requested, required, or purchased genetic information of its job applicants or their family members as a condition of applicants' employment or preemployment application.

15. Venue is proper in Cook County because Defendant is doing business in Cook County and thus "resides" there under 735 ILCS § 5/2-102(a).

## COMMON FACTUAL ALLEGATIONS

16. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather

4

genealogical information about themselves and their relatives; to discover their genetic predisposition for diseases before any symptoms manifest; and, in some cases, to prevent and treat such diseases.

17. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from widespread genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

18. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use and disclosure of such information.

19. In 1998, the Illinois General Assembly enacted the Genetic Information Protection Act (GIPA) 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment and the hiring process.

20. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

5

member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

21. GIPA's protections include a prohibition against the solicitation, request, requirement, or purchase of employee's or prospective employee's genetic information as a condition of employment. *See* 410 ILCS 513/25(c)(1).

22. Defendant is an Illinois-based food transportation and distribution company that operates nationwide and employs thousands of individuals.

23. As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

24. Defendant's physical examination includes asking its prospective employees questions about the manifestation of diseases in their family members.

25. Over the last decade, Defendant or its agents have performed physical examinations on thousands of prospective employees, each of which sought familial genetic information in violation of GIPA.

26. Defendant never sought nor received consent to solicit or obtain Plaintiff's or the Class's genetic information, nor did it inform Plaintiff or the Class they had a right not to answer any questions regarding their genetic information.

27. Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or preemployment application.

**FACTS SPECIFIC TO PLAINTIFF**

28. In January 2023, Plaintiff Max Stuck applied for a job as an order selector at one of Dot Foods, Inc's Illinois distribution centers.

6

29. During the application and hiring process, and as a precondition of his employment and during his preemployment application process, Defendant required Plaintiff to submit to a physical examination.

30. During the examination, Defendant asked questions concerning Plaintiff's family medical history. Such questions included whether the Plaintiff's family had a history of high blood pressure, diabetes, heart disease, and other genetic information in the form of diseases that had manifested in his family members.

31. By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, or required Plaintiff to disclose his genetic information.

32. Plaintiff, in response, disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed.

33. Plaintiff was never informed by Defendant, either verbally or in writing of his right to privacy under GIPA or otherwise informed he was not legally obligated to disclose genetic information.

34. By collecting the genetic information of its prospective employees in connection with its application process Defendant illegally solicited and obtained the genetic information of thousands of Illinois residents and workers, including that of Plaintiff Max Stuck, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All Illinois individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom

7

Defendant requested or obtained family medical history or other genetic information according to Defendant's records.

36. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

37. Upon information and belief, there are thousands of members of Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

38. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

39. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's conduct is subject to GIPA;

    b. Whether Defendant has treated Plaintiff's and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS 513/25(a);

    c. Whether Defendant released Plaintiff's and the other Class members genetic testing information in violation of 410 ILCS 513/25(b);

8

d. Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS 513/25(c)(1);

e. Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS 513/25(c)(2);

f. Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS 513/25(c)(3);

g. Whether Defendant's violations of GIPA were negligent;

h. Whether Defendant's violations of GIPA were reckless or intentional;

i. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

40. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

41. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

42. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
### Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*
### (On behalf of Plaintiffs and the Class)

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. Defendant is a corporation that employs employees within the State of Illinois, and is thus an "employer" under GIPA. 410 ILCS 513/10.

45. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

46. As a precondition of their employment, Plaintiff and the Class were given physical exams by medical staff who were employed by Defendant or who were otherwise operating on Defendant's behalf.

47. During these physical exams, Defendant's medical staff solicited from Plaintiff and the Class information concerning their family medical history. Defendant thus directly or indirectly required Plaintiff and the members of the Class to disclose their protected genetic information.

48. Plaintiff and the Class also were also asked to provide other personal identifying information, including their full names, email address, and/or home addresses (including age,

10

birthday, Social Security information and gender) to Defendant in their employment applications and during the physical exams they underwent.

49. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

50. Defendant did not receive any written authorization from Plaintiff or the other Class members to solicit or request their genetic information.

51. Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant, in the course of employment, solicited or requested their statutorily protected genetic information.

52. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Max Stuck, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate GIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

    d. Awarding statutory damages of $15,000 for each reckless or intentional violation

11

FILED DATE: 8/8/2023 1:27 PM   2023CH07245

of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuantto 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: August 8, 2023                    Respectfully submitted,

                                         MAX STUCK; individually and on behalf of
                                         similarly situated individuals,

                                   By:   /s/ David Gerbie
                                         *One of Plaintiff's Attorneys*

David L. Gerbie
William Kingston
Joseph Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.,
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
wkingston@mcgpc.com
jdunklin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*