**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAX STUCK, individually and on behalf of similarly situated individuals, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:23-cv-07993 |
| | ) | |
| DOT FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DOT FOODS, INC.'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW Defendant Dot Foods, Inc. ("Dot Foods"), by and through undersigned counsel, and for its Answer and Affirmative and Additional Defenses to the Class Action Complaint (the "Complaint") of Plaintiff Max Stuck ("Plaintiff"), states as follows:

**"INTRODUCTION"**

1. This case concerns the misuse of individuals' genetic information by one of America's largest food industry redistributors, Dot Foods. As a condition of employment, Dot Foods requires employee candidates to undergo a physical exam during which genetic information in the form of their family medical history is requested.

> **RESPONSE:** Dot Foods denies any alleged "misuse of individuals' genetic information" and denies that it requires employee candidates to, as a "condition of employment," undergo "a physical exam during which genetic information in the form of their family medical history is requested." Responding further, the allegations in the Complaint speak for themselves regarding the purported nature of this action, and Dot Foods denies any characterizations thereof in paragraph 1 that are inconsistent with the Complaint. Dot Foods denies any remaining allegations in paragraph 1 of the Complaint.

2. Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of

such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and
>
> (4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.
>
> 410 ILCS 513/25(c)

**RESPONSE:** Paragraph 2 consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 2 contains a full, complete, and accurate recitation of Section 25 of GIPA, and further states that GIPA and its legislative history speak for themselves, are the best evidence of their contents, and Dot Foods denies any allegations in paragraph 2 that are inconsistent therewith. Dot Foods lacks knowledge and information sufficient to form a belief as the truth of any remaining allegations contained in paragraph 2 and, therefore, denies the same.

3. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request

for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

**RESPONSE:** Paragraph 3 consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 3 contains a full, complete, and accurate definition of "genetic information" as set forth in GIPA and 45 C.F.R. § 160.103, and further states that GIPA and 45 C.F.R. § 160.103 speak for themselves, are the best evidence of their contents, and Dot Foods denies any allegations in paragraph 3 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 3 of the Complaint.

4. Genetic information, including familial medical history, is a uniquely private and sensitive form of personal information. A person cannot change their genome if it becomes compromised, and the genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

**RESPONSE:** Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies the same.

5. However, in requiring disclosure of putative employees' family medical histories, including that of Plaintiff, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

**RESPONSE:** Dot Foods denies the allegations in paragraph 5 of the Complaint.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

**RESPONSE:** Paragraph 6 consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 6 contains a full, complete, and accurate recitation of the "Legislative findings" and "intent" of the Illinois General Assembly as set forth Section 5 of GIPA, and states

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

that GIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 6 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 6 of the Complaint.

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information without one's consent.

**<u>RESPONSE</u>:** Paragraph 7 consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies Plaintiff's characterization of GIPA in paragraph 7, and further states that GIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 7 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 7 of the Complaint.

8. In spite of GIPA's prohibition to solicit family medical information, Defendant and other companies in Illinois continue to request that their employees and prospective employees provide protected family medical history in violation of GIPA.

**<u>RESPONSE</u>:** Paragraph 8 consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that it requests employees or prospective employees to provide family medical history in violation of GIPA. Responding further, Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations regarding "other companies in Illinois" and, therefore, denies the same. Dot Foods denies any remaining allegations in paragraph 8 of the Complaint.

9. Defendant's deprivation of Plaintiffs' statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

**<u>RESPONSE</u>:** Dot Foods denies the allegations contained in paragraph 9 of the Complaint.

10. Plaintiff brings this action for statutory and/or actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

**<u>RESPONSE</u>:** Paragraph 10 consists of characterizations of the Complaint, not factual allegations, and thus no response is required. To the extent a response is deemed required, Dot Foods admits only that Plaintiff purports to seek certain damages and remedies in the Complaint, but Dot Foods denies that Plaintiff is entitled to any such damages or remedies. Responding further, Dot Foods denies that it "violat[ed] Plaintiff's Illinois genetic privacy rights."

11. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

**RESPONSE:** Paragraph 11 consists of characterizations of the Complaint, not factual allegations, and thus no response is required. To the extent a response is deemed required, Dot Foods admits only that Plaintiff, individually and purportedly on behalf of a putative class, purports to seek certain damages and remedies in the Complaint, but Dot Foods denies that Plaintiff, or any member of any putative class asserted in this action, is entitled to any damages or remedies from or against Dot Foods, including those asserted in the Complaint, and denies that Plaintiff is an adequate or appropriate class representative.

## "PARTIES"

12. Defendant Dot Foods, Inc. is a corporation organized under the laws of the state of Illinois and headquartered within Illinois. Dot Foods conducts substantial business throughout Illinois, including in Cook County. Dot Foods's headquarters are located at 1 Dot Way, Mt. Sterling, IL 62353.

**RESPONSE:** Dot Foods admits that it is a corporation incorporated under the laws of the State of Illinois, that it maintains its headquarters at 1 Dot Way, Mt. Sterling, IL 62353, and that it conducts business at various different locations in Illinois, including in Cook County. However, Dot Foods denies that it operates any physical locations in Cook County, and denies the vague and ambiguous allegation that Dot Foods "conducts substantial business" in Cook County.

13. At all relevant times, Plaintiff Max Stuck has been a resident of the state of Illinois.

**RESPONSE:** Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations contained in paragraph 13 and, therefore, denies the same.

## "JURISDICTION AND VENUE"

14. This Court may asset personal jurisdiction over Dot Foods pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Dot Foods is a corporation organized under the laws of this state, is doing business within this state, and because Plaintiffs claims arise out of Dot Foods' s unlawful in-state actions, as Dot

Foods directly or indirectly solicited, requested, required, or purchased genetic information of its job applicants or their family members as a condition of applicants' employment or preemployment application.

**RESPONSE:** Paragraph 14 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods admits that it is a corporation incorporated under the laws of the State of Illinois, that it conducts business at various different locations in Illinois, and that it is subject to personal jurisdiction in Illinois with respect to Plaintiff's individual claims asserted in this action. Dot Foods denies that it committed any "unlawful in-state actions," and denies that it "directly or indirectly solicited, requested, required, or purchased genetic information of its job applicants or their family members as a condition of applicants' employment or preemployment application." Dot Foods denies any remaining allegations in paragraph 14 of the Complaint.

15. Venue is proper in Cook County because Defendant is doing business in Cook County and thus "resides" there under 735 ILCS § 5/2-102(a).

**RESPONSE:** Paragraph 15 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that venue was proper in Cook County, Illinois when this action is filed, denies that venue would be proper in Cook County, Illinois at this or any time, and denies that it "resides" in Cook County, Illinois. Responding further, Dot Foods states that venue is statutorily proper in the United States District Court for the Northern District of Illinois, Eastern Division because Plaintiff originally filed this action in the Circuit Court of Cook County, Illinois, and the United States District Court for the Northern District of Illinois, Eastern Division is the "district court of the United States for the district and division within which [the state-court action] [was] pending" at the time this action as removed. *See* 28 U.S.C. §§ 93(a)(1), 1446(a).

## "COMMON FACTUAL ALLEGATIONS"

16. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives; to discover their genetic predisposition for diseases before any symptoms manifest; and, in some cases, to prevent and treat such diseases.

**<u>RESPONSE</u>:** Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies the same.

17. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from widespread genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

**<u>RESPONSE</u>:** Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

18. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use and disclosure of such information.

**<u>RESPONSE</u>:** Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same. Responding further, Dot Foods denies that paragraph 18 contains a full, complete, and accurate recitation of the "Legislative findings" and "intent" of the Illinois General Assembly in enacting GIPA as set forth Section 5 of GIPA, and further states that GIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 18 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 18 of the Complaint.

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA--Sequencing-Costs-Data

[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

19. In 1998, the Illinois General Assembly enacted the Genetic Information Protection Act (GIPA) 410 ILCS 513/1 et seq. out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment and the hiring process.

**RESPONSE:** Paragraph 19 consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 19 contains a full, complete, and accurate recitation of the "Legislative findings" and "intent" of the Illinois General Assembly in enacting GIPA as set forth Section 5 of GIPA, and further states that GIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 19 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 19 of the Complaint.

20. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(l).

**RESPONSE:** Paragraph 20 consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 20 contains a full, complete, and accurate recitation of Section 25(c) of GIPA, and further states the sections of GIPA, including Section 25(c), speak for themselves, are the best evidence of their contents, and Dot Foods denies any allegations in paragraph 20 that are inconsistent therewith.

21. GIPA's protections include a prohibition against the solicitation, request, requirement, or purchase of employee's or prospective employee's genetic information as a condition of employment. *See* 410 ILCS 513/25(c)(1).

**RESPONSE:** Paragraph 21 consists legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 21 contains a full, complete, and accurate recitation of Section 25(c) of GIPA, and further states the sections of GIPA, including Section 25(c), speak for themselves, are the best evidence of their contents, and Dot Foods denies any allegations in paragraph 21 that are inconsistent therewith.

22. Defendant is an Illinois-based food transportation and distribution company that operates nationwide and employs thousands of individuals.

**RESPONSE:** Dot Foods admits that it maintains its headquarters in Mt. Sterling, Illinois, that it purchases food-industry products, stores them in distribution centers across the United States, and ships them throughout the United States in response to customer orders. Dot Foods further admits that it employs several thousand individuals throughout the United States. Except as expressly admitted herein, Dot Foods denies the allegations contained in paragraph 22 of the Complaint.

23. As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

**RESPONSE:** Dot Foods admits only that prospective employees in certain positions with Dot Foods are required to, and do, undergo a post job offer physical examination and/or physical abilities test. Except as expressly admitted herein, Dot Foods denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant's physical examination includes asking its prospective employees questions about the manifestation of diseases in their family members.

**RESPONSE:** Dot Foods denies the allegations contained in paragraph 24 of the Complaint.

25. Over the last decade, Defendant or its agents have performed physical examinations on thousands of prospective employees, each of which sought familial genetic information in violation of GIPA.

**RESPONSE:** Dot Foods denies the allegations contained in paragraph 25 of the Complaint, and specifically denies any alleged violations of GIPA.

26. Defendant never sought nor received consent to solicit or obtain Plaintiffs or the Class's genetic information, nor did it inform Plaintiff or the Class they had a right not to answer any questions regarding their genetic information.

**RESPONSE:** Paragraph 26 assumes as true disputed assertions (*i.e.,* that Dot Foods solicited or obtained "genetic information" of Plaintiff or the putative class) and thus cannot be answered as written. Responding further, Dot Foods denies that it, directly or indirectly, requested, solicited, or required genetic information of Plaintiff or any member of the putative class, such that any consent from, or disclosure to, Plaintiff or any putative class member in that regard would be required. Dot Foods lacks knowledge and information sufficient to form a belief as the truth of any remaining allegations contained in paragraph 26 of the Complaint and, therefore, denies the same.

27. Defendant thus violated GIPA by soliciting and obtaining Plaintiffs and the Class's genetic information as a precondition of employment or preemployment application.

**RESPONSE:** Paragraph 27 consists of a legal assertion and conclusion to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 27 of the Complaint.

## "FACTS SPECIFIC TO PLAINTIFF"

28. In January 2023, Plaintiff Max Stuck applied for a job as an order selector at one of Dot Foods, Inc's Illinois distribution centers.

**RESPONSE:** Dot Foods admits that Plaintiff applied for a position at one of Dot Foods' Distribution Centers in or around January 2023. Except as expressly admitted herein, Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 28 and, therefore, denies the same.

29. During the application and hiring process, and as a precondition of his employment and during his preemployment application process, Defendant required Plaintiff to submit to a physical examination.

**RESPONSE:** Dot Foods admits that, as part of the hiring process, Plaintiff was required to undergo, and did undergo, a post job offer physical examination

30. During the examination, Defendant asked questions concerning Plaintiff's family medical history. Such questions included whether the Plaintiff's family had a history of high blood pressure, diabetes, heart disease, and other genetic information in the form of diseases that had manifested in his family members.

**RESPONSE:** Dot Foods denies the allegations contained in paragraph 30 of the Complaint.

31. By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, or required Plaintiff to disclose his genetic information.

**RESPONSE:** Dot Foods denies the allegations contained in paragraph 31 of the Complaint, including the allegations that Plaintiff was required "to answer questions about

his family medical history," and that Dot Foods, "directly or indirectly, solicited, requested, or required Plaintiff to disclose his genetic information."

32. Plaintiff, in response, disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed.

**<u>RESPONSE</u>:** Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegation that Plaintiff "disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed" and, therefore, denies the same. Responding further, Dot Foods denies that it, directly or indirectly, solicited, requested, or required genetic information of Plaintiff as a condition of employment or pre-employment application.

33. Plaintiff was never informed by Defendant, either verbally or in writing of his right to privacy under GIPA or otherwise informed he was not legally obligated to disclose genetic information.

**<u>RESPONSE</u>:** Paragraph 33 assumes as true vague legal conclusions and disputed assertions (*i.e.,* that GIPA creates a "right to privacy" and that Dot Foods solicited, requested, or required genetic information of Plaintiff as a condition of employment or pre-employment application) and thus cannot be answered as written. Responding further, Dot Foods denies that it, directly or indirectly, requested, solicited, or required genetic information of Plaintiff as a condition of employment or pre-employment application, and thus denies that there was any need or requirement to "inform" Plaintiff of any purported "right to privacy under GIPA" or that he was "not legally obligated to disclose genetic information." Subject to the foregoing, Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 33 and, therefore, denies the same.

34. By collecting the genetic information of its prospective employees in connection with its application process Defendant illegally solicited and obtained the genetic information of thousands of Illinois residents and workers, including that of Plaintiff Max Stuck, in violation of GIPA.

**<u>RESPONSE</u>:** Paragraph 34 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 34 of the Complaint, including the allegations that Dot Foods "collect[ed] the genetic information of its prospective employees in connection with its application process," and that Dot Foods "illegally solicited and obtained the genetic information of thousands of Illinois residents and workers, including that of Plaintiff Max Stuck, in violation of GIPA."

## "**CLASS ACTION ALLEGATIONS**"

35. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All Illinois individuals who, during the relevant time period, applied for employment with Defendant in Illinois and from whom Defendant requested or obtained family medical history or other genetic information according to Defendant's records.

**RESPONSE:** Paragraph 35 of the Complaint consists of characterizations of Plaintiff's Complaint, and not factual allegations, such that no response is required. To the extent a response is deemed required, Dot Foods admits only that, as alleged in the Complaint, Plaintiff purports to bring this action individually and as a putative class action, and that Plaintiff seeks to represent the class defined in paragraph 35 of the Complaint. Dot Foods denies that Plaintiff's definition of the "Class" is appropriate or proper, denies that Plaintiff is a proper class representative, denies that this is action is appropriate for class certification, and denies that the "Class," or any other putative class that may be asserted in this action, should be certified. Dot Foods denies any remaining allegations contained in paragraph 35 of the Complaint.

36. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

**RESPONSE:** Dot Foods admits only that Plaintiff purports to exclude certain persons from the putative "Class." Except as expressly admitted herein, Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, therefore, denies the same.

37. Upon information and belief, there are thousands of members of Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

**RESPONSE:** Dot Foods denies the allegations contained in paragraph 37 of the Complaint.

38. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the

other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

> **RESPONSE:** Paragraph 38 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 38 of the Complaint, including the allegations that Dot Foods violated GIPA as to Plaintiff or any members of the putative class.

39. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant has treated Plaintiffs and the Class members' genetic information in a manner consistent with state law, including the statutes referenced within 410 ILCS 513/25(a);

(c) Whether Defendant released Plaintiff's and the other Class members genetic testing information in violation of 410 ILCS 513/25(b);

(d) Whether Defendant directly or indirectly solicited Plaintiffs and the other Class members' genetic information as a condition of employment or through its preemployment application in violation of 410 ILCS 513/25(c)(l);

(e) Whether Defendant affected any of the terms, conditions, or privileges of employment or preemployment application of Plaintiff or members of the Class as a result of the genetic information it gathered, in violation of 410 ILCS 513/25(c)(2);

(f) Whether Defendant has limited, segregated, or classified Plaintiff and the other Class members in any way that deprives or tends to deprive them of employment opportunities or otherwise adversely affected their status as employees, in violation of 410 ILCS 513/25(c)(3);

(g) Whether Defendant's violations of GIPA were negligent;

(h) Whether Defendant's violations of GIPA were reckless or intentional;

(i) Whether Plaintiff and the Class are entitled to damages and injunctive relief.

**RESPONSE:** Paragraph 39 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 39 of the Complaint, including any allegations that Dot Foods violated GIPA as to Plaintiff or the putative class.

40. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

**RESPONSE:** Paragraph 40 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 40 of the Complaint.

41. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiffs counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

**RESPONSE:** Paragraph 41 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that Plaintiff is an adequate class representative, and states that it lacks knowledge

and information sufficient to form a belief as the truth of the remaining allegations contained in paragraph 41 of the Complaint and, therefore, denies the same.

42. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**<u>RESPONSE</u>:** Paragraph 42 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 42 of the Complaint

**"<u>COUNT I</u>**
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, et seq.**
**(On behalf of Plaintiffs and the Class)"**

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**<u>RESPONSE</u>:** Dot Foods incorporates by reference as though fully set forth herein is responses to the allegations contained paragraphs 1 through 42 of the Complaint.

44. Defendant is a corporation that employs employees within the State of Illinois, and is thus an "employer" under GIPA. 410 ILCS 513/10.

**<u>RESPONSE</u>:** Paragraph 44 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods admits only that it employs individuals within the State of Illinois.

45. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

**<u>RESPONSE</u>:** Paragraph 45 of the Complaint consists of legal conclusions and assertions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 45 contains a full and complete definition of "genetic information" as defined in GIPA and 45 C.F.R. § 160.103, and further states that GIPA and 45 C.F.R. § 160.103 speak for themselves, are the best evidence of their contents, and Dot Foods denies any allegations in paragraph 45 that are inconsistent therewith.

46. As a precondition of their employment, Plaintiff and the Class were given physical exams by medical staff who were employed by Defendant or who were otherwise operating on Defendant's behalf.

**RESPONSE:** Dot Foods admits only that prospective employees in certain positions with Dot Foods in Illinois are required to, and do, undergo a post job offer physical examination and/or physical abilities test, which may be conducted by employees of one or more third parties. Except as expressly admitted herein, Dot Foods denies the allegations contained in paragraph 46 of the Complaint.

47. During these physical exams, Defendant's medical staff solicited from Plaintiff and the Class information concerning their family medical history. Defendant thus directly or indirectly required Plaintiff and the members of the Class to disclose their protected genetic information.

**RESPONSE:** Dot Foods denies the allegations contained in paragraph 47 of the Complaint.

48. Plaintiff and the Class also were also asked to provide other personal identifying information, including their full names, email address, and/or home addresses (including age, birthday, Social Security information and gender) to Defendant in their employment applications and during the physical exams they underwent.

**RESPONSE:** Dot Foods admits only that certain prospective employees of Dot Foods in Illinois, including Plaintiff, may be required to, and do, provide certain identifying information and documentation as part of the employment onboarding process, which may include, as appropriate and permitted by and consistent with applicable law, names, home addresses, email addresses, ages, dates of birth, Social Security numbers, and gender. Except as expressly admitted herein, Dot Foods denies the allegations contained in paragraph 48 of the Complaint.

49. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

**RESPONSE:** Paragraph 49 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant did not receive any written authorization from Plaintiff or the other Class members to solicit or request their genetic information.

**<u>RESPONSE</u>:** Paragraph 50 assumes as true disputed assertions (*i.e.,* that Dot Foods solicited, requested, or required genetic information of Plaintiff or members of the putative class) and thus cannot be answered as written. Responding further, Dot Foods denies that it, directly or indirectly, requested, solicited, or required genetic information of Plaintiff or any member of the putative class, and thus denies that there was any need or requirement to obtain a "written authorization" for any such alleged request or solicitation. Subject to the foregoing, Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, therefore, denies the same.

51. Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant, in the course of employment, solicited or requested their statutorily protected genetic information.

**<u>RESPONSE</u>:** Paragraph 51 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 51 of the Complaint.

52. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500 for each negligent violation of GIPA or actual damages - whichever is greater. 410 ILCS 513/40(a)(3).

**<u>RESPONSE</u>:** Paragraph 52 of the Complaint consists of legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 52 contains a full, complete, and accurate recitation of Section 40 of GIPA, and further states that GIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 52 that are inconsistent therewith. Responding further, Dot Foods denies that Plaintiff or any members of the putative class are entitled to any damages from Dot Foods in this action, including any of the damages alleged in paragraph 52 of the Complaint.

## "PRAYER FOR RELIEF"

WHEREFORE, Plaintiff Max Stuck, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

(a) Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiffs counsel as class counsel;

(b) Declaring that Defendant's actions, as set forth herein, violate GIPA;

(c) Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

(d) Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

(e) Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages -whichever is greater-pursuant to 410 ILCS 513/40(a)(3);

(f) Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

(g) Awarding pre- and post-judgment interest, as allowable by law; and

(h) Such further and other relief the Court deems reasonable and just.

**RESPONSE:** Dot Foods denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" following paragraph 52 of the Complaint, denies that it violated GIPA, denies that it engaged in any wrongdoing, denies that this case is appropriate or suitable for class certification, and denies any and all remaining allegations contained in the "Prayer for Relief."

* * *

Dot Foods denies each alleged violation of law contained in the Complaint and also denies each and every allegation in the Complaint that is not specifically answered otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Dot Foods alleges the following affirmative and additional defenses to Plaintiff's Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable law and without conceding that Plaintiff is entitled to recover on any of his purported claims. By raising the defenses herein and alleging facts in support thereof, Dot Foods does not assume the burden of proof as to any issues or facts that fall within the scope of Plaintiff's claims, nor does Dot Foods concede that, by pleading issues or facts herein, that such issues and facts are relevant exclusively to affirmative defenses. Such issues and facts may also serve to negate the elements of Plaintiff's claims on which Plaintiff bears the burden of proof.

## FIRST DEFENSE

Plaintiff's Complaint, and each and every alleged cause of action therein, fails to state a claim upon which any relief can be granted in that, among other things and without limitation, Plaintiff fails to plead facts plausibly establishing the following: (i) that Dot Foods, either directly or indirectly, took any action purportedly prohibited by GIPA, including, without limitation, allegedly soliciting, requesting, or requiring genetic information of Plaintiff as a condition of employment or pre-employment application; (ii) that the information allegedly solicited, requested, or required of Plaintiff, if any, was "genetic information" as defined under GIPA; and (iii) that any information allegedly solicited, requested, or required of Plaintiff, if any, was solicited, requested, or required "as a condition of employment [or] preemployment application" within the meaning of GIPA.

## SECOND DEFENSE

To the extent Dot Foods, directly or indirectly, solicited, requested or required family medical history or other information from Plaintiff or any putative class member, which is expressly denied, any such history or information, if any, does not constitute "genetic information"

under GIPA, and thus the claims of Plaintiff and the putative class members fail, including, without limitation, to the extent that any such information was not for an inheritable condition and/or was not considered or taken into account with respect to Plaintiff or any putative class member.

**THIRD DEFENSE**

To the extent Dot Foods, directly or indirectly, solicited, requested, or required genetic information of Plaintiff or any putative class member, which is expressly denied, any such solicitation, request, or requirement was an unintended occurrence, not made as a condition of employment or pre-employment application or any established practice or policy, and thus the claims of Plaintiff and the putative class members fail.

**FOURTH DEFENSE**

To the extent Dot Foods, directly or indirectly, solicited, requested, or required genetic information of Plaintiff or any putative class member, which is expressly denied, any such solicitation, request, or requirement was inadvertent and/or an isolated, unintentional occurrence and not part of any established practice or policy, and thus the claims of Plaintiff and the putative class members fail.

**FIFTH DEFENSE**

To the extent Dot Foods, directly or indirectly, solicited, requested, or required genetic information of Plaintiff or any putative class member, which is expressly denied, Plaintiff and/or one or more of the putative class members consented to the disclosure of, and/or knowingly and voluntarily disclosed, such information without request, and thus the claims of Plaintiff and those putative class members fail.

## SIXTH DEFENSE

Plaintiff has failed to join necessary and/or indispensable parties, including, without limitation, any third parties who performed the alleged pre-employment physical examination(s) of Plaintiff and/or any of the putative class members.

## SEVENTH DEFENSE

Plaintiff's claims and requests for relief fail and/or are barred, in whole or in part, by the doctrines of release, waiver, estoppel, laches, and/or unclean hands, including to the extent that Plaintiff and/or one or more of the putative class members: (i) consented to the disclosure of, and/or knowingly and voluntarily disclosed, any alleged genetic information without request; (ii) failed to timely object to the complained-of conduct prior to the filing of suit; and (iii) unreasonably delayed in the assertion of any purported claims against Dot Foods, thereby resulting in prejudice.

## EIGHTH DEFENSE

Plaintiff's claims and requests for relief fail and/or are barred, in whole or in part, by the doctrines of ratification, acquiescence, and/or consent, including to the extent that Plaintiff and/or one or more of the putative class members: (i) consented to the disclosure of, and/or knowingly and voluntarily disclosed, any alleged genetic information without request; (ii) failed to timely object to the complained-of conduct prior to the filing of suit.

## NINTH DEFENSE

Dot Foods denies any and all liability to Plaintiff and the putative class members. Should the trier of fact, however, find that Dot Foods is somehow liable to Plaintiff or the putative class members, Dot Foods prays for an assessment and/or allocation of fault to all parties responsible or potentially responsible for Plaintiff's alleged harm pursuant to all applicable laws. Plaintiff's and the putative class members' alleged losses, if any, were caused, or directly contributed to by, the

negligence, contributory fault, comparative fault, or conduct of others for whose conduct Dot Foods is not responsible.

**TENTH DEFENSE**

Pursuant to any and all applicable law, Dot Foods is entitled to a credit and/or set off equal to the total amount for which Plaintiff or any of the putative class members have agreed to settle with any other defendant who may be named in Plaintiff's Complaint or any other person or entity who caused, contributed to, or is liable in any way for, any of Plaintiff's alleged losses, or for the total amount of consideration paid by such defendant(s) or person(s), whichever is greater. Said credit and/or set off includes all settlements with any other potential defendants or parties this action, pre-trial settlements, and post-trial settlements.

**ELEVENTH DEFENSE**

Plaintiff and the putative class members are barred from recovering any damages or obtaining any equitable relief, completely or in part, under the doctrine of mitigation of damages, because Plaintiff and the putative class members failed to exercise ordinary care to limit, mitigate, or reduce the alleged harm, if any, and thereby sustained damages that would not otherwise have occurred, including to the extent that Plaintiff and/or one or more of the putative class members: (i) consented to the disclosure of, and/or knowingly and voluntarily disclosed, any alleged genetic information without request; (ii) failed to timely object to the complained-of conduct prior to the filing of suit.

**TWELFTH DEFENSE**

The claims of Plaintiff and the putative class members are barred to the extent that they arose outside the applicable statutes of limitations and/or statute of repose. Plaintiff and the

putative class cannot seek recovery for alleged violations that took place prior to the limitations period under applicable law.

**THIRTEENTH DEFENSE**

To the extent Plaintiff and/or the putative class members allege that Dot Foods is liable under GIPA based on or for the acts of one or more third parties, Plaintiff's claims are barred. Dot Foods is not liable, jointly and severally or otherwise, for the actions of any third parties, including any third parties who may have conducted a physical examination of Plaintiff and/or any putative class members in connection with their application for employment with Dot Foods, whether by operation of *respondeat superior*, the law of agency, alter ego, common law joint and several liability, or any other theory of liability. Any such third parties are not the agents or alter egos of Dot Foods, and thus their actions or conduct cannot be imputed to Dot Foods, nor can Dot Foods be held liable for them. Alternatively, to the extent any third parties are deemed to be agents of Dot Foods, which Dot Foods expressly denies, any alleged actions or conduct of such third parties that Plaintiff seeks to impute to Dot Foods was outside the scope of the putative agency relationship, and thus Dot Foods cannot be held liable for any such actions or conduct.

**FOURTEENTH DEFENSE**

The claims of Plaintiff and the putative class fail to the extent that they are barred by the Illinois Worker's Compensation Act, including its exclusive remedy provision.

**FIFTEENTH DEFENSE**

The alleged claims of Plaintiff and the putative class are preempted and thus fail as a matter of law to the extent that the alleged claims purport to impose requirements, duties, obligations, liabilities, or responsibilities on Dot Foods that are in conflict with, are inconsistent with, or

purport to extend beyond those established by, any and all applicable federal laws, statutes, and regulations.

**SIXTEENTH DEFENSE**

If and to the extent that there is any finding that Dot Foods violated GIPA, which is expressly denied, Dot Foods nevertheless substantially complied with GIPA and acted in good faith, and thus the claims of Plaintiff and the putative class members are barred and/or any violation of GIPA, which Dot Foods expressly denies, can only be negligent, not intentional or reckless, thus precluding any award of increased damages.

**SEVENTEENTH DEFENSE**

To the extent the Complaint seeks equitable relief against Dot Foods, such claims are barred because, among other reasons, Plaintiff and the putative class members have not suffered any irreparable harm and they have adequate remedies at law, including, because, for example, the Complaint alleges that Plaintiff and the putative class are entitled to damages for alleged violation of GIPA, which would result in monetary recovery if any such alleged violations are proven, which Dot Foods expressly denies.

**EIGHTEENTH DEFENSE**

Plaintiff's claim, and the claims of any putative class members, for statutory damages under GIPA constitute requests for exemplary and/or punitive damages that violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, among others, and comparable provisions of the Illinois Constitution, including because, among other reasons: (i) the liability that Dot Foods could possibly incur pursuant to the damages claimed by Plaintiff on behalf of the putative class (which Dot Foods denies) are grossly

disproportionate to the alleged actual harm, if any, allegedly suffered by any individual putative class member, such that the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution are violated; (ii) Plaintiff's claimed statutory damages are criminal in nature, and the rights conferred on defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution are therefore applicable; (iii) Plaintiff's claimed statutory damages constitute a request for and/or imposition of an excessive fine and violation of the Eighth Amendment of the United States Constitution; and (iv) Plaintiff's claimed statutory damages constitute a subsequent imposition of excessive punitive-type damages against Dot Foods, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

**NINETEENTH DEFENSE**

The Complaint fails to satisfy the requirements of Fed. R. Civ. P. 23 in order to qualify as a class action and this action is not properly maintainable as such because, among other things: (i) the purported class is not so numerous that joinder of all purported members would be impractical; (ii) any alleged questions of law or fact are not common to the purported members of the alleged putative class and do not predominate; (iii) the claims of Plaintiff are not typical to that of any purported members of the alleged putative class; (iv) Plaintiff will not fairly and adequately protect the interests of the alleged putative class; and (v) alleged putative class counsel are not adequate representatives for the alleged putative class.

**TWENTIETH DEFENSE**

Plaintiff's action fails to qualify as a class action because the putative class is overboard and indefinite, the putative class members are not identifiable, and the putative class as defined in the Complaint is an improper "fail safe" class under applicable law.

**DEMAND FOR JURY TRIAL**

Dot Foods hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(a) as to all issues properly so triable.

**RESERVATION**

Dot Foods reserves the right to assert additional defenses as established by the facts of the case revealed through further discovery and investigation.

WHEREFORE, having fully answered the Complaint, Dot Foods prays that the Court dismiss the Complaint with prejudice and award Dot Foods its costs, expenses, and reasonable attorneys' fees incurred herein, and award Dot Foods such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: September 15, 2023

By: /s/ Brian P. Pezza

Brian P. Pezza, IL Bar No. 6305340
**LEWIS RICE LLC**
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7656
Facsimile: (314) 612-7656
bpezza@lewisrice.com

*Attorneys for Defendant Dot Foods, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of September 2023, a true copy hereof was served via the Court's CM/ECF system on counsel of record who are registered E-Filers and also via email on the following:

David L Gerbie
William Kingston
Joseph Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
dgerbie@mcgpc.com
wkingston@mcgpc.com
jdunklin@mcgpc.com

*Attorneys for Plaintiff*

/s/ Brian P. Pezza